IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KELVIN HEARD, individually and on behalf of similarly situated individuals** § § § § | |
| **Plaintiff** § § § | |
| v. § | CIVIL ACTION NO. 4:25-cv-005874 |
| § § | |
| **U.S. CRIME PREVENTION, CORP d/b/a TEXAS CRIME PREVENTION AGENCY** § § § § | |
| **Defendant** § § | |

## ORIGINAL COMPLAINT

Plaintiff Kelvin Heard, ("Plaintiff" or "Heard"), individually and on behalf of all others similarly situated as individuals (the "Security Officers"), by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### SUMMARY

1. Defendant U.S. Crime Prevention, Corp d/b/a Texas Crime Prevention Agency ("Defendant" or "TCPA") provides various security services. The company provides "specialized private security services, focusing on corporate security, event security, private investigations, and executive protection". https://texascrimepreventionagency.com/about-us/ (last visited 12/8/2025).

2. Although Plaintiff and the Security Officers regularly work more than 50 hours per week, Defendant does not pay them overtime.

3. Defendant's policy of paying Plaintiff and the Security Officers a salary with no overtime pay, violates the Fair Labor Standards Act ("FLSA").

4. This Collective Action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these

1

proceedings.

## JURISDICTION & VENUE

5. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conduct substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.

## PARTIES

7. Plaintiff, Kelvin Heard, individually and on behalf of all others similarly situated as individuals was employed by Defendant as a salaried employee. Heard is domiciled in Texas and performed work out of Defendant's Security Company as a Security Officer.

8. Plaintiff Heard's written consent to this action is attached. (Exhibit "A").

9. Defendant U.S. Crime Prevention, Corp d/b/a Texas Crime Prevention Agency is a Texas domestic for-profit corporation doing business in the State of Texas. Defendant may be served through its registered agent, John Wood, 4900 Woodway Drive, Suite 1110, Houston, TX 77056, or anywhere else they may be found.

10. Defendant paid Plaintiff and each of the FLSA Collective members a salary rate, with no overtime premium for hours worked in excess of forty (40) in a workweek.

11. Defendant's payroll practice and classification of these workers as overtime exempt violated the FLSA.

## FACTS

12. TCPA is a private security services company, providing armed and unarmed

security, event protection, and related safety services.

13. TCPA primarily conducts business within the Houston metropolitan area and surrounding regions in Texas.

14. Defendant's employees routinely handled goods or materials – such as cell phones and uniform patches - that have moved in, or were produced for, interstate commerce.

15. In each of the past three (3) years, Defendant's gross revenue has exceeded $500,000.

16. Heard worked for Defendant as a Security Officer.

17. All of the Security Officers worked for Defendant at banks in the Houston area.

18. Defendant paid Heard, and all Security Officers a fixed salary.

19. Defendant routinely scheduled Heard, and the other FLSA Collective members to work fifty to seventy hours a week.

20. Over the past three (3) years, Defendant employed a handful of individuals – including Kelvin Heard – as Security Officers.

21. Defendant paid/pays the FLSA Collective members a fixed salary rate without overtime.

22. While the precise job duties of the Security Officers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

23. All of Defendant's Security Officers are entitled to overtime pay.

24. None of Defendant's Security Officers received/receive overtime pay.

25. Defendant knows their Security Officers work more than forty (40) hours in a workweek. Defendant knows the Security Officers are not exempt from the overtime provisions

of the FLSA.

26. Nonetheless, Defendant did not (and does not) pay its Security Officers overtime for hours worked in excess of forty (40) in a workweek.

27. Defendant misclassified Plaintiff and Collective Members as exempted employees.

28. At all times relevant to this case, Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

29. Plaintiff Heard brings this claim under Section 216(b) of the FLSA as a collective action.

30. The same policy that caused Heard to be denied their overtime pay caused other Security Officers to be denied their overtime pay.

31. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

32. Nor do any differences in job duties matter for determining whether Defendant's policy of not paying overtime is legal.

33. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

34. Because Defendant uniformly failed to pay overtime to all Security Officers, Plaintiff and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

35. Upon information and belief, Defendant employed multiple other Security Officers

like Plaintiff during the past three (3) years.

36. Nearly all of the questions related to Plaintiff and the FLSA Collective can be answered on a collective basis.

37. Defendant's practice of refusing to pay overtime is based on established companywide policies.

38. The most important questions presented in this case can be resolved on a collective-wide basis.

39. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

40. Furthermore, individual litigation would be unduly burdensome to the judicial system.

41. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

## COLLECTIVE DEFINITION

42. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All Security Officers employed by Texas Crime Prevention Agency who, within the last three (3) years, worked over forty (40) hours in a workweek, and were paid a salary with no overtime.

## VIOLATION OF THE FLSA

43. Plaintiff incorporates the proceeding paragraphs by reference.

44. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendant employed Plaintiff and each member of the FLSA Collective.

55. Defendant's pay policy denied Plaintiff and the FLSA Collective overtime compensation as required by the FLSA.

56. Defendant's failure to pay Plaintiff and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violate 29 U.S.C. § 207.

57. Defendant's conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendant's FLSA violations, Plaintiff and the FLSA Collective are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

## PRAYER

**WHEREFORE**, Plaintiff Heard prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

2. Judgment against Defendant TCPA, awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

　*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
800 Town & Country Blvd., Suite 500,
Houston, Texas, 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, individually and on behalf of similarly situated individuals**